THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RYAN DARLEY MAUGHAN,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY JAIL et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:22-CV-218-TS<br><br>District Judge Ted Stewart |

Plaintiff, former inmate Ryan Darley Maughan, brings this *pro se* civil-rights action.[1]

Having now screened the Complaint, (ECF No. 11), under its statutory review function,[2] the

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2023).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2023).

Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

## COMPLAINT'S DEFICIENCIES

Complaint:

**(a)** lumps together Defendants' allegedly unconstitutional behaviors, instead of separately affirmatively linking each individual defendant to each dated and specific individual allegation of a civil-rights violation. (See below.)

**(b)** does not adequately state a claim of improper medical treatment. (See below.)

**(c)** improperly names Salt Lake County Jail as a § 1983 defendant, when it is not an independent legal entity that can sue or be sued. *See Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at *5 (W.D. Okla. Mar. 7, 2018) (stating correctional facilities "not suable entities in a § 1983 action").

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.*

Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(ii) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

---

[3] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

(iii) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(iv) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(v) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vi) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2023). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **Affirmative Link**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal

> liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

• **Inadequate Physical Treatment**

These are the standards governing these types of claims:

> Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An inmate raising an Eighth Amendment conditions-of-confinement claim must prove both an objective and subjective component associated with the deficiency. *Id.* at 834. The objective component requires conditions sufficiently serious so as to (1) deprive an inmate "of the minimal civilized measure of life's necessities" or (2) subject an inmate to "a substantial risk of serious harm." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (quotation omitted). "The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." *Id.* To prove deliberate

> indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Under this standard, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* This high standard for imposing personal liability on prison officials (i.e., the same standard of subjective recklessness used in the criminal law) is necessary to ensure that only those prison officials that inflict punishment are liable for violating the dictates of the Eighth Amendment. *Id.* at 835-45; *see also Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (holding that *Farmer*'s "subjective component is not satisfied[] absent an extraordinary degree of neglect"); *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999) (recognizing that *Farmer*'s deliberate indifference standard sets out a "stringent standard of fault").

*Brooks v. Colo. Dep't of Corr.*, 12 F.4th 1160, 1173 (10th Cir. 2021).

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if he wishes to pursue an amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** The amended complaint shall not include any claims **(a)** occurring past the date of the Complaint, filed April 26, 2022, and **(b)** outside the allegations of transactions and events contained in the Complaint, (ECF No. 11). The Court will not address any such new claims or

outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case.

**(5)** Plaintiff shall not try to serve the amended complaint on Defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service or dismissal (in part or in full). No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

**(6)** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.").

**(7)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**(8)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

**(9)** Plaintiff's motion for default judgment is **DENIED**, (ECF No. 19). There is no valid complaint on file, and Defendants were never served.

DATED this 10th day of July, 2023.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court